Baldwin, J.
delivered the opinion of the Court.
This action of trespass quare clausum fregit cannot be maintained by Wysong the plaintiff therein, without a previous recovery in ejectment, or proof of his actual possession at the time of the alleged trespass. There was no such recovery, and such actual possession has not been proved as against the defendant Kretzer. The *11 execution by the sheriff of the writ of habere facias possessionem, sued out by Wysong upon his judgment in his writ of unlawful detainer against Selby, the landlord of Kretzer, gave him no possession against Krelzer, and the evidence does not prove an ouster of Kretzer by Wysong: on the contrary, the evidence serves to shew that Kretzer continued in possession of the land notwithstanding the execution of the writ of habere facias possessionem, gathered the crop raised by him thereupon, and delivered to Selby the landlord’s share of the same; and the non-performance by Kretzer of his promise to deliver the landlord’s share of the crop to Wysotig’s agent was no trespass, and if Wysong had any remedy therefor, it was in a different form of action. If the evidence of possession of the land by a tenant of Wysong, after the execution of the writ of habere facias possessionem, could be regarded as incompatible Avith the continued possession of Kretzer, and as proving that he had been ousted or had surrendered the possession to that tenant prior to the alleged trespass, then the right of action for the trespass Avould enure not to Wysong, but to his tenant. It seems, therefore, to the Court, that the Circuit Court erred in rendering judgment upon the demurrer to evidence for the plaintiff, instead of the defendant in the action : And it is considered that the said judgment be reversed and annulled, Avith costs to the plaintiff in error. And this Court proceeding to render, &c. Judgment for the defendant in the action.